# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JACK GORDON GREENE**                                                                                          **PLAINTIFF**
**SK #922**

**V.**                             **CASE NO. 4:21-CV-211-DPM-BD**

**ASA HUTCHINSON,** *et al.*                                                                                     **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**

This Recommendation for dismissal has been sent to Chief Judge D.P. Marshall Jr. Mr. Greene may file objections if he disagrees with the findings or conclusions set out in the Recommendation. His objections should be specific; and he should include the factual or legal basis for his objection.

To be considered, objections must be filed within 14 days. If Mr. Greene does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.    Discussion**

Plaintiff Jack Gordon Greene is currently an inmate at the Varner SuperMax Unit of the Arkansas Division of Correction. He filed this civil rights lawsuit without the help of a lawyer and is proceeding *in forma pauperis*. (Doc. Nos. 2, 5). After reading all of Mr. Greene's allegations liberally and after giving him the benefit of every doubt, the Court concludes that he has not stated a federal claim for relief.

In his initial 136-page complaint, Mr. Greene made allegations against the Governor of Arkansas, the Director of the Arkansas Department of Correction, and the Director of the Federal Defender's Office. (Doc. No. 2) The complaint did not state a federal claim for relief against any of the Defendants. Rather than recommending dismissal of the lawsuit, however, the Court gave Mr. Greene 30 days to file an amended complaint explaining how each Defendant violated his federally protected rights. (Doc. No. 6) Mr. Greene filed an amended complaint (Doc. No. 7), but he still has not stated a federal claim for relief against any Defendant.

First, Mr. Greene complains about a brain injury that he suffered on July 5, 2004. (Doc. No. 2, p.6) Even if one of these Defendants was somehow responsible for the injury, Arkansas's three-year statute of limitations for a personal injury action would bar Mr. Greene's claims. *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001) (citing Ark. Code Ann. § 16-56-105)

Mr. Greene argues that the statute of limitations should not apply here because his brain injury is ongoing and has not healed. (Doc. No. 7, p.1) Even though Mr. Greene continues to suffer the effects of his 2004 injury, this would not toll the statute of limitations.

Second, Mr. Greene alleges that Defendants Hutchinson and Graves have "injured" and "tortured" him since 2004. (Doc. No. 2) The Court warned Mr. Greene that his allegations of torture and continuous injury would be dismissed unless he provided specific facts to support those claims. (Doc. No. 6) There are no factual allegations in the complaint or the amended complaint to support a claim that Governor Hutchinson or

Director Graves ever tortured or injured Mr. Greene, much less that they did so over the course of seventeen years.

In his amended complaint, Mr. Greene states that he is suing Defendant Hutchinson because the Governor did not acknowledge either his clemency application or receipt of his EEG test results. (Doc. No. 7) He also complains that Director Graves failed to acknowledge receipt of the EEG test results. The Defendants' failure to respond to Mr. Greene's submissions is not conduct that supports a federal claim for relief.

Finally, Mr. Greene takes issue with motions his attorney, Lisa Peters, filed on his behalf in his criminal case. (Docs. No. 2, p.7; 7, p.3) There is no federal civil rights claim for ineffective assistance of counsel in a criminal case. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding") Therefore, Mr. Greene has not stated a federal claim for relief against Ms. Peters.

### III.   Conclusion

The Court recommends that Mr. Greene's claims be summarily DISMISSED, without prejudice. This dismissal should count as a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED this 12th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE